UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW J. BAUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:22-CV-2 RLM-MGG |
| | ) |
| ANNA PAINTER, et al., | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Sergeant Anna Painter's motion to dismiss [Doc. No. 14] and Deputy Troy Ryan's motion to dismiss [Doc. No. 21] are before the court. Matthew Bauer, a plaintiff without a lawyer, first sued the LaPorte County Superior Court 4, but the court screened and dismissed the complaint under 28 U.S.C. § 1915(e)(2), with leave to amend. Mr. Bauer amended his complaint, naming Sergeant Anna Painter and Deputy Troy Ryan as defendants. [Doc. No. 7]. Each defendant separately moves to dismiss. For reasons explained in this order, the court grants both motions and dismisses Mr. Bauer's complaint.

I. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all reasonable inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir.

2010). But Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570). The plaintiff must provide some specific facts to support any legal claims asserted, not merely recite legal conclusions or conclusory allegations that recite elements of a claim. McCauley v. City of Chi., 671 F.3d 611, 616 (7th Cir. 2011). The plaintiff "must give enough details about the subject-matter of the case to present a story that holds together" so that the defendant has notice of what the case is about. Swanson v. Citibank, N.A., 614 F.3d 400, 404–405 (7th Cir. 2010). A court must liberally construe a pro se plaintiff's complaint, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but a pro se plaintiff must still comply with the Federal Rules of Civil Procedure. Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008).

## II. STATEMENT OF FACTS

The court must accept all well-pleaded facts as true on a motion to dismiss. Reynolds v. CB Sports Bar, Inc., 623 F.3d at 1146. Mr. Bauer's complaint, however, presents a narrative that is difficult to follow and piece

together. The court describes Mr. Bauer's factual allegations in broad strokes since they're difficult to understand.

Mr. Bauer's complaint starts by describing an incident at the Lighthouse Place Premium Outlet Malls. He alleges that Officer Corley of the Michigan City Police Department was patrolling the parking lot when Mr. Bauer arrived in his car, parked, removed his bicycle from his car, and started riding his bicycle. He alleges that Officer Corley pulled him over and arrested him for twelve to thirteen minutes while an unnamed woman officer ran his license plate against police records. They released him after their search produced no results.

Two months later, an attorney helped Mr. Bauer filed a notice of tort claim with the Michigan City Police Department. Shortly after filing his notice, Mr. Bauer received a call from the Michigan City Police Department late at night to discuss the incident. They all eventually agree to meet at the outlet mall parking lot during the daytime.

When Mr. Bauer got to the outlet mall parking lot, he waited awhile until two police cars arrived. He says he waved to Sergeant Anna Painter, who was in the second car, and seemingly insulted her by saying, "your name is Jason. Ugly Albino Ghost woman who looks like a man." Sergeant Painter responded that she was "just tagging along," and Mr. Bauer told her that "it is a waste of time [be]cause your [sic] not going to do anything to Corley." The then suggests in vague terms that some police officers helped Officer Corley destroy evidence.

Mr. Bauer next claims that Deputy Troy Ryan falsely arrested, falsely imprisoned, and unlawfully searched him on May 18, 2020. The complaint doesn't describe the alleged false arrest, false imprisonment, and unlawful search in any detail. Mr. Bauer was released from jail, got a lawyer, and tried to get a police report from the county court.

The next two pages of the complaint describe Mr. Bauer's work history, other incidents with the police, and his defense attorney's brief communications with him. The final narrative paragraph seems to connect everything to a "retaliatory false arrest to cover up [Corley's] false arrest." The complaint lists two places of incident. The first lists "Anna Painter on or around 3/7/2020" and sayd, "Police Misconduct, 5th Amendment life liberty – malicious [prosecution]." The second lists "T. Ryan Jailor" and "false imprisonment 10:42 AM." The complaint lists claims for emotional distress, reputational harm, attorney's fees, the cost of posting bond to get out of jail, court costs, and the cost of filing a tort claim, and for the first time says the police told Mr. Bauer to remove a Christmas tree and pumpkins from his yard. Attached to his complaint are what appear to be a receipt for court fees that Mr. Bauer paid, a pre-trial diversion agreement between Mr. Bauer and the State of Indiana, a notice of tort claim by attorney Andrea Ciobanu against the Michigan City Police Department on Mr. Bauer's behalf, and cellphone screenshots of state court dockets and videos of the Michigan City Police Civil Service Commission posted on YouTube.

III. Discussion

*A. Sergeant Painter's motion to dismiss*

Sergeant Painter moves to dismiss Mr. Bauer's complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The first of several arguments is that the complaint is too vague, ambiguous, and unspecific to state a claim and that the complaint doesn't provide her fair notice of what the complaint is about.

Sergeant Painter describes the complaint to demonstrate its vagueness. She points out that the first section involving Officer Corley doesn't mention her at all and seems to relate to a separate case Mr. Bauer has pending in this court. *See* Bauer v. Corley, No. 3:21-CV-843-DRL-MGG. The complaint narrates other events unrelated to her until Mr. Bauer alleges that Sergeant Painter arrived at the outlet mall parking lot. Sergeant Painter contends that the few allegations actually about her don't amount to any legal claim. Mr. Bauer's only allegations about Sergeant Painter are that she was in a police car and told Mr. Bauer that she was "just tagging along" after he waved to her and insulted her appearance. After that, Mr. Bauer told Sergeant Painter that he needed to go wait in his car for a man named Jason and that their meeting was a waste of time because Sergeant Painter is "not going to do anything to Corley."

According to Sergeant Painter, the rest of the complaint suggests some conspiracy against Mr. Bauer but doesn't state any legal claim, and that even if

5

it stated some claim, Mr. Bauer's allegations against Sergeant Painter don't implicate her in any unlawful activity.

Mr. Bauer filed a response in opposition to Sergeant Painter's motion to dismiss. The response complains that no one has told Mr. Bauer why he was arrested two years ago, complains about defense counsel, and makes other irrelevant statements and asks rhetorical questions. The response doesn't address any of Sergeant Painter's legal arguments.

A complaint that's "too confusing to determine the facts that constitute the alleged wrongful conduct" must be dismissed. Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 946 (7th Cir. 2013). Mr. Bauer suggests toward the end of his complaint that he seeks to bring some sort of Fourth Amendment or Fifth Amendment claims against Sergeant Painter and that he thinks Officer Corley and the Michigan City Police Department have engaged in some conspiracy against him but doesn't explain how Sergeant Painter fits into the confusing allegations. The only specific allegations against Sergeant Painter are that she was in a police car in the same parking lot as Mr. Bauer and she said she was tagging along with another officer after Mr. Bauer insulted her appearance. Those actions don't connect Sergeant Painter to the actions of others, nor do they arise to any legal claim on their own. To the extent, Mr. Bauer tries to bring claims for violations of the Fourth or Fifth Amendments or for malicious prosecution against Sergeant Painter, the factual allegations do no such thing. Stating those legal claims are merely conclusory allegations.

6

Mr. Bauer's complaint doesn't provide specific facts about Sergeant Painter that support any legal claim, so any claim against Sergeant Painter must be dismissed. McCauley v. City of Chi., 671 F.3d 611, 616 (7th Cir. 2011). Sergeant Painter has shown that any claim against her should be dismissed for these reasons alone, so the court doesn't reach her other more specific arguments.

*B. Deputy Ryan's motion to dismiss*

Deputy Ryan argues any claims against him should be dismissed, largely for the same reasons that Sergeant Painter argues. He contends the complaint is too vague and confusing to state any legal claim or to give Deputy Ryan fair notice of the grounds underlying any claim.

Deputy Ryan points out that the complaint alleges very few facts that involve him. The complaint describes allegations against and involving Officer Corley and others and then makes a few allegations about Sergeant Painter, discussed earlier. Then, the complaint includes two single sentences about Mr. Ryan: "On May 18th[,] 2020[,] I was [falsely] arrested and false[ly imprisoned] at 10:42 AM by Jail Officer T. Ryan at the LaPorte County Jail" and "T. Ryan also searched me illegally." The rest of the complaint narrates seemingly unrelated actions by people other than Deputy Ryan and eventually says that the place of one incident was the LaPorte County Jail, with "T. Ryan, Jailor," and "False imprisonment, false arrest, 10:42 AM."

7

Mr. Bauer filed a response in opposition to Deputy Ryan's motion to dismiss. The response refers to the incident at the outlet mall parking lot and suggests Deputy Ryan arrested Mr. Bauer without a warrant, but the response doesn't offer any meaningful response to Deputy Ryan's arguments.

Mr. Bauer's complaint doesn't state a plausible claim against Deputy Ryan, so any claim against Deputy Ryan must be dismissed. Most of the complaint has nothing to do with Deputy Ryan but seems to elaborate on Mr. Bauer's complaint in another case. *See* Bauer v. Corley, No. 3:21-CV-843-DRL-MGG. The few allegations about Deputy Ryan list legal claims without providing a factual basis supporting the claims. Because these are merely conclusory allegations, they must be dismissed. *See* McCauley v. City of Chi., 671 F.3d 611, 616 (7th Cir. 2011). The complaint's vagueness and lack of factual allegations about Deputy Ryan are enough for dismissal, so the court doesn't reach Deputy Ryan's more specific arguments for dismissal.

IV. Conclusion

The court GRANTS Sergeant Anna Painter's motion to dismiss [Doc. No. 14] and GRANTS Deputy Troy Ryan's motion to dismiss [Doc. No. 21]. This was Mr. Bauer's second try for a compliant complaint, and it provides no hope that a third try would state a claim on which relief could be granted, so the court offers no opportunity to amend. The clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:  May 12, 2022

                                         /s/ Robert L. Miller, Jr.
                                       Judge, United States District Court